# SUPREME COURT OF LOUISIANA,

### IN THE

## WESTERN DISTRICT, AT OPELOUSAS,
## SEPTEMBER, 1843.

~~~~~~~~~~~~~~~~~~~~~~~

PRESENT:

Hon. FRANÇOIS XAVIER MARTIN.
Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. EDWARD SIMON.
Hon. RICE GARLAND.

~~~~~~~~~~~~~~~~~~~~~~

JOHN GREIG *v.* JAMES MUGGAH and others.

The assumption of the quality of heir in an authentic act, is an unconditional accep-
tance of the succession. C. C. 982.
The acknowledgment of a debt by an agent, will stop prescription. C. C. 3486.

APPEAL from the Court of Probates of St. Mary, *Moore,* J.
*Voorhies,* for the plaintiff.
*Splane,* for the appellants.
MORPHY, J.   James Muggah was sued in his own right,
and as curator of Edward Muggah, his brother, an absentee, for
a sum of $489 31, being the balance of an account due by John
Muggah, their father, who died during the pendency of this suit.
which had been brought in the District Court of the Fifth Judicial
District; and his heirs and legal representatives were made par-

ties.    On a plea made to the jurisdiction of the District Court, the case was finally decreed by this tribunal to be transferred to he Court of Probates of the Parish of St. Mary, on the ground, that the succession of James Muggah was under the care of an administrator, who was also tutor to the heirs, and who, could not accept the succession absolutely ; and, that such defendants were suable only in the Court of Probates.    See 11 La. 360.

James  Muggah had pleaded payment, compensation, prescription, &c.    In the Court of Probates, his heirs filed another answer, excepting to the jurisdiction of the latter court, on the ground, that the case had been illegally transferred to it, and should have been dismissed, if the District Court was without jurisdiction. They further denied the personal responsibility of James Muggah, for any part of the debt claimed of the estate of his father, John Muggah, which, they averred, he had accepted only with the benefit of inventory, &c.    The Judge below, rendered a judgment in favor of the plaintiff, against the estate of James Muggah, for $241.    The defendants have appealed.

The plea to the jurisdiction of the Probate Court was properly disregarded.    The decree of this court, ordering the transfer of the cause, being *res judicata* between the parties to this suit, we cannot inquire whether this transfer was authorized by law or not. Had the suit been dismissed, it must, under the principles laid down in that decision, have been brought in the very court from which it now comes up.    Even if the transfer was unauthorized, the suit could hardly now be dismissed on that account.    *Multa quæ fieri non debent, facta valent.*

James Muggah, the father of the present defendants, in an authentic power of attorney given to the plaintiff shortly after the death of his father, John Muggah, expressly assumes the quality of heir, thus accepting the estate *unconditionally*.    Civil Code, art. 982.    Nothing should prevent the plaintiff from recovering from his estate, the proportion for which he became personally liable, as one of the heirs of John Muggah.    Civil Code, arts. 1375, 1376, 2112.    Code of Practice, arts. 113, 120.    As to the other heir, Edward Muggah, no legal steps appear to have been taken to prosecute the suit against him.

The plea of prescription cannot be maintained, as we find on

the record, an acknowledgment of the correctness of those items to which it might have applied, made by the agent of James Mug gah, about nine months before the inception of the present suit. Civil Code, art 3486.

On the merits, we have examined the evidence, and can perceive no material error in the conclusion to which the Judge below has arrived.

*Judgment affirmed.*